946 F.2d 1566
 292 U.S.App.D.C. 86
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Patrick W. SIMMONS, Petitioner,
v.
INTERSTATE COMMERCE COMMISSION, Respondent,
Village of Palestine, Indiana Hi-Rail Corp., & Indiana Rail
Road Co., Intervenors.
 No. 90-1498.
 United States Court of Appeals, District of Columbia Circuit.
 May 30, 1991.
 
 Petition for Review of an Order of the Interstate Commerce Commission.
 Before MIKVA, Chief Judge, and STEPHEN F. WILLIAMS and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition was considered on the record from the Interstate Commerce Commission and on the briefs and oral arguments of counsel. After full review of the issues presented, the court is satisfied that appropriate disposition of the petition does not warrant a further opinion. See D.C.Cir. Rule 14(c). It is therefore
 
 
 2
 ORDERED and ADJUDGED for the reasons stated in the accompanying memorandum that the petition for review be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15(b)(2).
 
 Simmons v. ICC, No. 90-1498
 
 4
 Patrick W. Simmons, joined by intervenor Village of Palestine, petitions for review of an order approving the acquisition by the Indiana Hi-Rail Corp. of interim trackage rights over a rail line owned by the Indiana Rail Road Co. Because neither the petitioner nor the intervenor has article III standing, we deny the petition for review without reaching the merits.
 
 
 5
 The line at issue in this case runs between Newton, Illinois and Browns, Illinois. It does not touch the Village of Palestine, which lies east of Newton, on a line running between Newton and Sullivan, Indiana. The Commission's decision here concerns only the 42.8 miles of track between Newton and Browns, and not the tracks between Newton and Sullivan. The Village is not affected.
 
 
 6
 We are also at a loss to understand how Simmons--actually, the members of the United Transportation Union[1]--could be injured by the Commission's decision. The employees of Illinois Central, the previous owner of the Newton/Browns line, are not involved in this proceeding, which concerns the sale of the line from Indiana Rail Road to Hi-Rail. As Indiana Rail Road is not currently operating trains along the Newton/Browns line (and according to Simmons Indiana Rail Road has never meant to), it is difficult to imagine how the Commission's decision here permitting Hi-Rail to use the line pending consummation of the actual sale injures any Indiana Rail Road employees. Finally, we see only benefits, not injuries, to the employees of Hi-Rail, who obtain work as a result of the Commission's approving the interim trackage rights acquisition.
 
 
 
 [1]
 See United Transp. Union v. ICC, 891 F.2d 908, 909 n. 1 (D.C.Cir.1989), cert. denied, 110 S.Ct. 3271 (1990)